# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVEN LEE CARTER, | ) |
| Petitioner, | ) ) |
| vs. | ) ) Civil Case No. 07-550-JPG-PMF |
| YOLANDE JOHNSON, | ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is respondent's motion to dismiss (Doc. No. 14). Keven Carter filed this §2254 petition seeking habeas corpus relief from an administrative order revoking three months of good time credits. In earlier civil rights litigation, Carter attempted to assert a due process claim. That claim was dismissed without prejudice to his right to bring the claim in a habeas corpus action after state court remedies were exhausted. *Carter v. Illinois* Department of Corrections, Case No. 06-450-WDS (S.D. Ill. May 30, 2007). Respondent maintains that Carter filed this habeas corpus action before he exhausted available state court remedies.

The materials on file show that Carter initiated two mandamus actions in state court in an effort to exhaust his state court remedies. The first suit, *Carter v. Uchtman*, No. 05-MR-56, was filed in Randolph County Circuit Court. An order dismissing that action was appealed; the appeal was dismissed for want of prosecution (Doc. No. 19, p. 4). The second suit, *Carter v. Walker*, No. 07-MR-328, was filed in Sangamon County Circuit Court. That case was dismissed on July 13, 2007. Carter filed a motion seeking reconsideration of the decision. The motion remains pending.

The claims raised in Carter's habeas petition may be considered so long as he has exhausted

available state remedies. 28 U.S.C. § 2254(b)(1)(A). In Illinois, mandamus supplies a remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West*, 811 N.E.2d 728, 733 (Ill.App.2004) *(citing Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App.1981)). Exhaustion is accomplished by completing a round of the normal appellate process, including a request for discretionary review by the Illinois Supreme Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999).

The materials on file show that Carter has not yet exhausted his state court remedies. He prosecuted his first mandamus action at the Circuit Court level, but did not complete the normal review process. He did not prosecute his appeal or follow that attempt with an effort to obtain discretionary review from the Illinois Supreme Court. Carter prosecuted his second mandamus action in the Circuit Court of Sangamon County. Carter sought reconsideration of the Court's ruling and awaits a decision on his motion. If the motion to reconsider is denied, Carter may initiate the review process by filing a notice of appeal. After Carter exhausts his state court remedies, he may seek habeas corpus relief in federal court.

IT IS RECOMMENDED that respondent's motion to dismiss (Doc. No. 14) be GRANTED. This action should be dismissed without prejudice to petitioner's right to file a new petition after state court remedies are exhausted.

SUBMITTED:  March 26, 2008  .

*s/Philip M. Frazier*  
**PHILIP M. FRAZIER**  
**UNITED STATES MAGISTRATE JUDGE**