UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVEN LEE CARTER,

    Petitioner,

v.

DONALD HULICK,

    Respondent.

Case No. 07-cv-550-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 20) of Magistrate Judge Philip M. Frazier recommending that the Court grant the respondent's motion to dismiss (Doc. 14) and dismiss this case without prejudice for failure to exhaust state court remedies. The Court also considers petitioner Kevin Lee Carter's motion for an extension of time to object to the Report (Doc. 21), motion for a Rule 26 conference (Doc. 23) and motion for an order to show cause and to reopen the case (Doc. 25).

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

This is a *habeas corpus* petition under 28 U.S.C. § 2254 seeking restoration of three months' revoked good time credit on Carter's state sentence. The Report found that Carter had not exhausted his state court remedies because he did not pursue his first effort at getting his good time credit back (Case No. 05-56) to the final stage – seeking review from the Illinois

Supreme Court – and his second effort (Case No. 05-328) was ongoing.

Carter has objected to the Report. The objection was late, but the Court will grant Carter's motion for an extension of time to file his objections (Doc. 21) and will consider them as timely. Carter states that, in his first effort to restore his good time credit, the Illinois Appellate Court dismissed his appeal for lack of prosecution because he lacked the funds to prepare the record on appeal. Carter apparently petitioned the Illinois Supreme Court, arguing that he should have been allowed to proceed as a pauper. The Illinois Supreme Court denied his motion for leave to appeal. In his second effort to restore his good time credit, the circuit court dismissed his case for lack of jurisdiction. Carter has asked the court to reconsider that ruling, but the court has not ruled on that motion. Carter then filed a notice of appeal of the circuit court's decision, and Carter reports that Illinois Appellate Court dismissed his appeal in May 2008 for lack of jurisdiction. The circuit court has still not ruled on his reconsideration motion.

As a preliminary matter, in his motion for an order to show cause and to reopen the case, Carter seeks to add additional complaints about administrative proceedings that occurred in June and July 2006 at Big Muddy River Correctional Center and in June and July 2007 in which he lost additional amounts of good time credit. Since these claims involve different disciplinary decisions, they must be raised in new cases and cannot simply be added to this existing case.

The Court has reviewed the relevant matter *de novo* and agrees with the Report's recommended disposition of the motion to dismiss. Carter has never taken his constitutional claims to the highest level of appellate review, which it appears he can still do under Illinois Supreme Court Rules 303(a)(1) and 315(b)(2) once his motion for reconsideration is ruled on. Before a federal court will grant *habeas* relief to a state prisoner, the prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete

round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Illinois, this includes presenting the issue in a petition for discretionary review to the Illinois Supreme Court. *Id.* Because Carter has not raised his constitutional claim in any manner before the Illinois Supreme Court, the Court must dismiss his *habeas* petition for failure to exhaust his state court remedies.

Carter argues that the state courts are purposefully impeding his ability to exhaust his state court remedies by delaying the filing of his motions and the rulings on his motions to reconsider, sometimes by as much as a year. While the Court certainly sympathizes with Carter regarding the slow speed at which the wheels of justice turn, that does not entitle him to bypass a state court procedure that is otherwise available to him.

For the foregoing reasons, the Court:

- **GRANTS** Carter's motion for an extension of time to object to the Report (Doc. 21),

- **ADOPTS** the Report in its entirety (Doc. 20),

- **GRANTS** the respondent's motion to dismiss (Doc. 14),

- **DISMISSES** Carter's *habeas* petition **without prejudice** for failure to exhaust state court remedies;

- **DENIES** Carter's motion for a Rule 26 conference (Doc. 23) and motion for an order to show cause and to reopen the case (Doc. 25); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: June 30, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**