UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVEN LEE CARTER,

        Petitioner,

    v.                                Case No. 07-cv-550-JPG

DONALD HULICK,

        Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Keven Lee Carter's motion for reconsideration of the Court's order and judgment (Docs. 26 & 27) adopting the Report and Recommendation ("Report") (Doc. 20) of Magistrate Judge Philip M. Frazier, granting the respondent's motion to dismiss (Doc. 14) and dismissing Carter's petition for a writ of *habeas corpus* without prejudice for failure to exhaust state court remedies. Although Carter's motion is captioned as a motion under Federal Rule of Civil Procedure 60(b), the Court considers it under the more lenient standards of Rule 59(e) because it is a substantive motion filed within ten days of entry of judgment. *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). Respondent Donald Hulick has responded to the motion.

Carter raises an issue regarding his second effort to restore his good time credit, a mandamus petition that the circuit court dismissed on July 13, 2007, for failure to state a cause of action and for lack of jurisdiction. Three days later, on July 16, 2007, Carter signed his petition for a writ of *habeas corpus*, which the Court received and docketed on August 1, 2007. The next day, on August 2, 2007, Carter asked the circuit court to reconsider its ruling dismissing his mandamus petition, but the court has not ruled on that motion. In its order

dismissing this case for failure to exhaust state court remedies, the Court noted Carter's argument that the state courts are purposefully impeding his ability to exhaust his state court remedies by delaying the rulings on his motion to reconsider. Indeed, his motion to reconsider has been pending for more than a year. The Court indicated its sympathy with Carter, but held that the state court's lack of a prompt decision does not entitle him to bypass a state court procedure that is otherwise available to him.

In his motion to reconsider, Carter cites *Hollis v. Davis*, 941 F.2d 1471 (11th Cir. 1991), and asks the Court to allow his petition to proceed because the state court has unreasonably and without explanation failed to address his motion to reconsider. *Hollis* involved a petitioner who sent a motion for a writ of error *coram nobis* to a state circuit court in Alabama in 1961. *Id.* at 1473. The court kept his petition for about three years, then sent it back to him without having taken any action on it. *Id.* In 1966, he submitted another petition for a writ of error *coram nobis*, which the circuit court again ignored until 1970, when the petitioner withdrew it as a condition of receiving parole. *Id.* The petitioner then took up his case with the federal courts by filing petitions for writs of *habeas corpus* in 1981 and 1984, both of which were rejected because the petitioner had not exhausted his state court remedies. *Id.* The petitioner returned to state court, where he filed another petition and which the state court again refused to address. *Id.* His third *habeas* petition in federal court, filed in 1987, finally got him somewhere. The Court of Appeals held that the petitioner should be excused from exhaustion of remedies because the state court had unreasonably or without explanation failed to address his petitions for relief. *Id.* at 1475.

Carter's case is distinguishable from *Hollis*. In this case, Carter's state court proceedings have been delayed by just over a year due to his unfortunate decision to file a motion for

reconsideration instead of to appeal immediately to the Court of Appeals. But one year is nothing like the delays found to justify excusing the exhaustion requirement under 28 U.S.C. § 2254(b)(1)(B).[1] It is true that "[i]nordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997) (five and a half years delay excused exhaustion requirement); *accord Montgomery v. Meloy*, 90 F.3d 1200, 1205 (7th Cir. 1996); *see, e.g., Gregory-Bey v. Hanks*, 332 F.3d 1036, 1037-38 (7th Cir. 2003) (ten years). However, the circuit court's nearly one-year delay in considering Carter's motion for reconsideration does not amount to the extraordinary delay that justifies excusing the exhaustion requirement. Carter can seek to expedite a ruling on his motion by filing a mandamus action in state court, as the respondent has suggested he do. If the circuit court denies his motion for reconsideration, Carter can appeal to the Illinois Appellate Court, then if necessary to the Illinois Supreme Court. When the state court has had its "one full opportunity to resolve any constitutional issues," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), Carter may again approach this Court with his constitutional claims. If the circuit court ignores Carter's motion for an inordinately or unjustifiably long period, he may be excused from the

---

[1] 28 U.S.C. § 2254(b)(1) states:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)     (i) there is an absence of available State corrective process; or

        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

exhaustion requirement, but that time has not come yet.

In his motion, Carter also asks for leave to add a complaint regarding a June 19, 2007, loss of good time decision to this petition. As the Court noted in its earlier order, those decisions must be addressed in separate *habeas* petitions. The Court **DIRECTS** the Clerk of Court to send Carter forms for filing a petition for a writ of *habeas corpus* under 28 U.S.C. §2254 so that he may draft a complaint about that good time decision if he so chooses.

For the foregoing reasons, the Court **DENIES** Carter's motion to reconsider (Doc. 28).

**IT IS SO ORDERED.**
**DATED:  September 25, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**