UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVEN LEE CARTER,

    Petitioner,

v.

DONALD HULICK,

    Respondent.

Case No. 07-cv-550-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Keven Lee Carter's motion to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 32), which seeks to vacate the Court's judgment (Doc. 27). That judgment was entered after the Court adopted the Report and Recommendation ("Report") (Doc. 20) of Magistrate Judge Philip M. Frazier, granted the respondent's motion to dismiss (Doc. 14) and dismissing Carter's petition for a writ of *habeas corpus* without prejudice for failure to exhaust state court remedies. The respondent has not responded to the motion to vacate.

**I.    Jurisdiction**

As a preliminary matter, the Court has jurisdiction to consider the pending motion. When a habeas petitioner raises a Rule 60(b) motion after entry of judgment, the Court must consider whether the motion is a true Rule 60(b) motion or whether it is a successive petition prohibited by 28 U.S.C. § 2244(b). A post-judgment motion such as a Rule 60(b) motion is a successive habeas corpus application when it advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). However, a Rule 60(b) motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2254 proceedings or attacks a procedural ruling in the habeas proceeding is not a successive petition. *Gonzalez*, 545 U.S. at 532.

Generally, decisions to deny a habeas petition based on the failure to exhaust state remedies is not decisions on the merits and may be attacked in a Rule 60(b) motion without amounting to a successive petition. *Gonzalez*, 545 U.S. at 532 n. 4. Because the Court entered judgment based on Carter's failure to exhaust state court remedies and Carter's motion attacks that decision and does not advance a new ground for relief from a conviction or an attack on a prior resolution on the merits, it is not a successive petition prohibited by 28 U.S.C. § 2244(b).

## II.     Background

Carter filed this case in August 2007 challenging the 2006 revocation of three months of good conduct credit in a prison disciplinary proceeding. In November 2007, the respondent moved to dismiss this case on the grounds that Carter had not exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A).

In March 2008, Magistrate Judge Frazier issued a Report and Recommendation finding that Carter had not exhausted his state court remedies regarding the revocation of his three months good time credit. Specifically, the Report found that Carter had filed two mandamus petitions. The first, Case No. 05-MR-56 in Randolph County, was dismissed for want of prosecution, as was his appeal from that decision. The second, Case No. 07-MR-328, was dismissed for lack of jurisdiction on July 13, 2007, but a motion for reconsideration of that dismissal was still pending. The Report noted that when the state court rules on his motion for reconsideration, he can then appeal the dismissal of the petition and, if necessary, seek relief from the Illinois Supreme Court, the final stage of the exhaustion requirement.

In June 2008, the Court adopted the Report finding that Carter has never taken his constitutional claims to the highest level of appellate review in the state court system and that he still has the opportunity to do so once his motion for reconsideration was ruled on. It rejected his claim

that the Illinois state court was purposefully impeding his ability to exhaust his state court remedies by delaying the ruling on his motion to reconsider for the year it had been pending at that time. The Clerk of Court entered judgment accordingly. It is this judgment Carter seeks to vacate.

Shortly thereafter, Carter asked the Court to reconsider its judgment, reiterating his claim that the state court was purposefully impeding his ability to exhaust his state court remedies by delaying the ruling on his motion to reconsider and citing *Hollis v. Davis*, 941 F.2d 1471 (11th Cir. 1991). The Court distinguished *Hollis*, which involved a state court system that had failed to act for nine years, from Carter's case, where his motion had only been pending for one year at that time.

### III. Analysis

In Carter's pending motion, he again argues that he should be excused from the exhaustion requirement because for nearly *two* years now the state court has unjustifiably delayed ruling on his motion for reconsideration, which effectively blocks his ability to appeal the substantive ruling to a higher level. Where exhaustion is blocked by the state, the Court may excuse the failure *See Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997) ("Inordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief."). Carter summarizes the efforts he had made since judgment in this case to get a ruling from the Illinois court. The respondent has not responded to Carter's pending motion.

The Court notes that the IDOC website lists Carter's projected parole date at November 27, 2009. Thus, if Carter is to be provided meaningful review of his three-month good time revocation decision, it appears it must occur soon, before August 27, 2009, if no further good time is revoked. It further appears that, after sitting on Carter's motion for reconsideration for nearly two years, the Illinois court is unlikely to address Carter's motion to reconsider within the near future. It has further
3

provided no justification for the delay. Accordingly, the Court finds the state court has caused an inordinate and unjustifiable delay in its collateral review of Carter's three-month good time revocation decision and that Carter is therefore excused under 28 U.S.C. § 2254(b)(1)(B) from the exhaustion requirement.

The Court will not, however, allow Carter to amend his petition to add new claims, as he has attempted to do by filing an amended petition without leave of court (Doc. 33). The Court has explained to Carter earlier why such new claims must be raised in a new proceeding. Accordingly, the Court will strike Carter's amended petition (Doc. 33).

### IV. Conclusion

For this reason, the Court:

- **GRANTS** Carter's motion to vacate the judgment (Doc. 32);

- **VACATES** the June 30, 2009, judgment in this case (Doc. 27);

- **REOPENS** this case;

- **STRIKES** Carter's amended petition (Doc. 33);

- **ORDERS** the Respondent to answer and show cause within twenty-three (23) days of this order why the writ should not issue in response to Carter's original petition; and

- **REFERS** this cause pursuant to Local Rule 72.1(a)(2) to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings; and

- **REFERS** this entire matter to United States Magistrate Judge Philip M. Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**
**DATED: June 25, 2009**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**