UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVEN LEE CARTER,

    Petitioner,

    v.

DONALD GAETZ,

    Respondent.

Case No. 07-cv-550-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 42) of Magistrate Judge Philip M. Frazier recommending that the Court deny petitioner Keven Lee Carter's motion for release pending a final decision on his *habeas corpus* petition filed pursuant to 28 U.S.C. § 2254 (Doc.41).  In his petition, Carter seeks restoration of three months' revoked good time credit on his state sentence.

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b).  The Court must review *de novo* the portions of the report to which objections are made.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Report notes that the Court possesses the inherent power in very limited situations to admit petitioners to bail while a habeas petition is pending.  *See Cherek v. United States*, 767 F.2d 335, 337 (7th Cir.1985), and *Luther v. Molina*, 627 F.2d 71, 76 n. 11 (7th Cir. 1980).  It found, however, that Carter had not demonstrated the exceptional circumstances necessary for the Court to exercise its power to order bail.  It noted that the Court would rule on Carter's

petition as soon as its heavy docket allowed.

Carter has filed an objection to the Report (Doc. 43) in which he raises new issues not involved in the pending petition and not important to this Court's decision whether to grant bail. Those issues primarily concern the Illinois Department of Corrections' delays in releasing him on parole once he became eligible and its subsequent detention of him on a parole violation without a preliminary hearing.

The Court has reviewed the Report *de novo* and finds, for the reasons stated in the Report, that it is correct, especially in light of the fact that the detention at issue in the pending petition has apparently ended. The matters raised by Carter in his objection are not at issue in this lawsuit and should be raised in a separate lawsuit  For these reasons, the Court **ADOPTS** the Report in its entirety (Doc. 42) and **DENIES** Carter's motion for release on bond (Doc. 41).

The Court further notes that Carter has filed an amended petition (Doc. 44) attempting to raise his new arguments regarding parole revocation. The Court will not allow Carter to amend his petition to add new claims. The Court has explained to Carter earlier why such new claims must be raised in a new proceeding. Accordingly, the Court **STRIKES** Carter's amended petition (Doc. 44).

**IT IS SO ORDERED.**
**DATED:  March 11, 2010**

s/ J. Phil Gilbert<br>**J. PHIL GILBERT**<br>**DISTRICT JUDGE**