IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVEN LEE CARTER, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Case No.: **3:07-cv-00550-JPG-PMF** |
| | ) |
| YOLANDE JOHNSON, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

### FACTS

Petitioner was convicted of attempted aggravated criminal sexual assault, and on June 25, 2003, the Circuit Court of Winnebago County, Illinois imposed a 13-year sentence. Petitioner filed this case on August 1, 2007, challenging the January 2006 revocation of three months of good conduct credit in a prison disciplinary proceeding. (Doc. 1). On November 2, 2007, Respondent moved to dismiss this case on the grounds that Petitioner had not exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A). (Doc. 14). On June 30, 2008, the Court entered an Order finding that Petitioner had not exhausted his claims to the highest level of appellate review in the state court system. (Doc. 26). Petitioner's claim that the Illinois state court purposefully impeded his ability to exhaust his state court remedies was rejected, and judgment was entered in favor of Respondent. On July 9, 2008, Petitioner asked the Court to reconsider its judgment, reiterating his claim that the state court was purposefully impeding his ability to exhaust his state court remedies. (Doc. 28). On June 25, 2009, the Court entered an order finding that the state court had caused an inordinate and unjustifiable delay in its collateral review of Petitioner's three month good conduct credit revocation decision and that Petitioner was therefore excused under 28 U.S.C. § 2254(b)(1)(B) from the exhaustion requirement. (Doc.

1

34). On January 14, 2010, Petitioner filed a Motion for an Order Directing Release on Bail (Doc. 41), which the Court denied in a March 11, 2010 Order. (Doc. 46). As of this date, the Illinois Department of Corrections' ("IDOC") website lists Petitioner's Projected Parole date as November 25, 2009.

## ANALYSIS

### I. Standing To Hear This Case

Title 28 U.S.C.A. § 2254(a) grants federal courts jurisdiction to entertain an application for a writ of habeas corpus on behalf of a person who is "in custody" pursuant to a judgment of a state court on the ground that the person is in custody in violation of the Constitution or laws or treaties of the United States. "In *Preiser v. Rodriguez*, the Supreme Court established that actions for the restoration of good conduct credits fall within the 'core' of habeas corpus because they go directly to the constitutionality of the prisoner's confinement itself and seek either immediate release or a shortened length of confinement." *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (citations omitted).

In this case, Petitioner's Projected Parole date is now nearly five months in the past, yet Petitioner is still in custody of IDOC. To quote the Seventh Circuit Court of Appeals, "[t]his action for habeas corpus is moot if winning it would give the petitioner nothing. It would give him nothing." *Allen v. Duckworth*, 6 F.3d 458, 460 (7th Cir. 1993). "Habeas corpus is not a compensatory remedy. The object is not to make whole someone who has suffered a loss; it is to determine whether a person is being confined in violation of basic norms of legality." *Id.* If Petitioner were to win this action – that is, if three months good conduct credit were reinstated – Petitioner would still be in custody. The three months good conduct credit that were revoked extended Petitioner's anticipated parole date by three months. Because that date has come and

gone with Petitioner still in custody, merely reinstating three months good conduct credit would not result in an earlier release date. Petitioner would gain nothing.

In Petitioner's Objection to this Court's February 1, 2010 Report and Recommendation, he argued "[t]hat he is considered an (sic) parole violator and being detained without a preliminary parole revocation hearing within 10 business days of alleged violation." (Doc. 43). Petitioner also attempted to file an Amended Petition which dealt with this revocation of parole claim, but that Petition was stricken in a March 11, 2010 Order by this Court. (Doc. 46). In Petitioner's other case before this Court (*Carter v. Gaetz*, 3:09-cv-00517-GPM-PMF), he has raised the same parole revocation claim in an Amended Petition. (Doc. 15 in 3:09-cv-00517-GPM-PMF). Allowing Petitioner to raise this claim in the case at hand would be duplicative.

## RECOMMENDATION

For the reasons set forth above, it is **RECOMMENDED** that Petitioner's case be **DISMISSED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1 (b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**SO RECOMMENDED.**

**DATED: April 22, 2010.**

                                            */s/ Philip M. Frazier*
                                            HON. PHILIP M. FRAZIER
                                            UNITED STATES MAGISTRATE JUDGE