UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVEN LEE CARTER,

    Petitioner,

    v.

DAVE REDNOUR[1],

    Respondent.

Case No. 07-cv-550-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 49) of Magistrate Judge Philip M. Frazier recommending that the Court dismiss this case as moot. The Court also considers Carter's "motion to vacate" the Report as an additional objection (Doc. 52).

    After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

    This is a *habeas corpus* petition under 28 U.S.C. § 2254 seeking restoration of three months' revoked good time credit on Carter's state sentence. The Report found that the case is moot because there is no relief the Court can order; the restoration of three months of good time credit would not change Carter's custody status. Carter's parole eligibility date was in November 2009 and he was not released, so an additional three months off his sentence would not change that fact. The Report noted that other filings from Carter indicate that he was

released on parole on January 27, 2010, but was almost immediately reincarcerated for violating the conditions of his parole/mandatory supervised release ("MSR"). *See* Objections, Doc. 43 at 2.

In his objection, Carter argues that the Court is able to provide him relief because if three months of good time credit were restored, he would have less time to serve on his parole violation sentence. Essentially, Carter believes, if he receives three months of good time credit, his release date will be deemed to be sooner than it was, his parole sentence will have commenced sooner than it did, and his release from parole will occur sooner than now scheduled. Later, in his "motion to vacate" (Doc. 52), Carter admits that the foregoing belief is incorrect: "[H]e can't obtain sentence credits when his 13[-]year sentence is complete and [he is] currently doing his 2[-]year parole/MSR time in custody." Motion to vacate, Doc. 52 at 6.

This Court has jurisdiction only over cases or controversies. U.S. Const. art. III, § 2. Thus, when cases become moot – for example, when the Court can offer no relief because the harm is done and cannot be undone – the Court no longer has jurisdiction to hear it. At first blush, it appears that when a habeas petitioner completes his sentence of incarceration, his habeas petition becomes moot because his custody is over. However, "[a] petition for habeas corpus filed while a person is in custody does not become moot at the end of custody if the person suffers sufficient collateral consequences from the sentence." *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004) (per curiam) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Those collateral consequences can include, for example, the inability to hold public office, vote in state elections and serve as a juror. *See Carafas v. La Vallee*, 391 U.S. 234, 237-38 (1968). Collateral consequences are, in fact, presumed to exist when a habeas petitioner challenges his underlying criminal conviction. *Spencer*, 523 U.S. at 7-8; *Cochran*, 381 F. 3d at 641. However,

where a released petitioner does not challenge his underlying criminal conviction but only a disciplinary sanction such as the revocation of good time credits, such consequences are questionable and speculative, and no such presumption exists.  *See Cochran*, 381 F. 3d at 641.  Nevertheless, when the revocation of good time credit results in delaying the termination of a parole term, a federal court still has the power to affect the duration of the petitioner's custody on parole, and the petition is not moot.  *White v. Indiana Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).  If the petition has merit, the court may order the early termination of parole as a form of relief.  *Id.*

     Before the Court can determine whether this case is moot, it needs more information about Carter's term of parole/MSR, how it was calculated and how it would have been impacted had Carter been released from incarceration three months sooner.  The Court **ORDERS** the respondent to file a brief on or before July 23, 2010, addressing these and any other relevant issues and setting forth its position whether, in light of *White v. Indiana Parole Bd.*, 266 F.3d 759 (7th Cir. 2001), this case is moot.

**IT IS SO ORDERED.**
**DATED:  July 6, 2010**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**

---

1. Pursuant to Federal Rule of Civil Procedure 25(d), Dave Rednour, Warden of Menard Correctional Center, has been substituted as the respondent in this case.