UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVEN LEE CARTER,

    Petitioner,

    v.

DAVE REDNOUR,

    Respondent.

Case No. 07-cv-550-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 49) of Magistrate Judge Philip M. Frazier recommending that the Court dismiss this case as moot. The Court also considers petitioner Keven Carter's "motion to vacate" the Report as an additional objection (Doc. 52), and respondent Dave Rednour's response to the Court's request for further briefing (Doc. 54).

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

As the Court noted in an earlier order, Carter's *habeas corpus* petition under 28 U.S.C. § 2254 seeks restoration of three months' revoked good time credit on his state sentence. The Report found that the case is moot because there is no relief the Court can order; the restoration of three months of good time credit would not change Carter's custody status. Carter's parole eligibility date was in November 2009 and he was not released, so an additional three months off

his sentence would not change that fact.  The Court reviews this conclusion *de novo* and rejects it.

This Court has jurisdiction only over cases or controversies.  U.S. Const. art. III, § 2.  Thus, when cases become moot – for example, when the Court can offer no relief because the harm is done and cannot be undone – the Court no longer has jurisdiction to hear it.  However, while a petitioner is serving a term of mandatory supervised release ("MSR") following a term of incarceration, the Court has the ability to offer relief for a wrongful revocation of good time credit during the term of incarceration that resulted in a delay in the commencement – and the termination – of the MSR term.  *White v. Indiana Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).  In such a case, a petition challenging the good time credit revocation is not moot because if the petition has merit, the court may order the early termination of MSR as a form of relief.  *Id.*

The respondent's response confirms that this is the situation in Carter's case.  Carter challenges the revocation of three months of good time credit prior to November 2009.  If his challenge has merit, the Court may give Carter relief by ordering the respondent to release Carter from MSR earlier.  Thus, this case is not moot.

For this reason, the Court **REJECTS** the Report (Doc. 49).  Carter's "motion to vacate" the Report (Doc. 52) is **MOOT** in light of this ruling.  The Court **REFERS** this case to Magistrate Judge Philip M. Frazier pursuant to Local Rule 72.1(a)(2) for further pre-trial proceedings and, *should all the parties consent to such a referral*, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c) for disposition.

**IT IS SO ORDERED.**
**DATED:  July 21, 2010**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**