UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVEN LEE CARTER,

    Petitioner,

  v.                                                Case No. 07-cv-550-JPG

DAVE REDNOUR,

    Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Keven Lee Carter's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Carter is serving a term of parole at the Menard Correctional Center ("Menard"), a facility within the Illinois Department of Corrections ("IDOC"). He seeks to overturn a 2006 prison disciplinary decision finding him guilty of filing a frivolous lawsuit in violation of prison rules and revoking three months of good-time credit. Carter did not exhaust his state court remedies, but the Court excused that failure exhaustion in light of a state court's unreasonable delay in ruling on his case. *See* 28 U.S.C. § 2254(b)(1)(B)(ii). A Report and Recommendation ("Report"; Doc. 56) by Magistrate Judge Frazier recommends the Court grant the petition and order restoration of Carter's good time credit. The respondent objects to the Report (Doc. 57) and Carter has responded to that objection (Doc. 62).

**I.    Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews

those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  The respondent objects to the Report in its entirety, so the Court examines the matter *de novo*.

## II.     Background

The Court sets forth the factual background of this case assuming all the relevant facts alleged by Carter are true.  This alleviates the need for a hearing to determine factual issues.

This case arose after Carter filed a 2005 lawsuit under 42 U.S.C. § 1983 complaining of improprieties in connection with his 2003 conviction for attempted aggravated criminal assault. The United States District Court for the Northern District of Illinois dismissed Carter's § 1983 suit for failure to state a claim in light of *Heck v. Humphrey*, 512 U.S. 477 (1994), because Carter's underlying conviction had not been vacated and his civil suit would undermine that conviction.  The Court also noted the immunity of various defendants.  The Court counted the dismissal as one of Carter's three allotted dismissals before he would be prohibited from proceeding *in forma pauperis*.  *See* 28 U.S.C. § 1915(g).

When Julie Potts, the legal coordinator at Menard, received a copy of the order dismissing Carter's claim, she filed a disciplinary report against Carter for filing a frivolous lawsuit in violation of 730 ILCS 5/3-6-3 and 20 Ill. Admin. Code § 504A212..  The Illinois statute states:

> If a lawsuit is filed by a prisoner in an Illinois or federal court against the State, the Department of Corrections, or the Prisoner Review Board, or against any of their officers or employees, and the court makes a specific finding that a pleading, motion, or other paper filed by the prisoner is frivolous, the Department of Corrections shall conduct a hearing to revoke up to 180 days of good conduct credit by bringing charges against the prisoner sought to be deprived of the good conduct credits before the Prisoner Review Board as provided in subparagraph (a)(8) of Section 3-3-2 of this Code. . . .

730 ILCS 5/3-6-3(d).  The statute further defines a frivolous lawsuit to include a pleading that "lacks an arguable basis either in law or in fact" or asserts a claim that is "not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."  730 ILCS 5/3-6-3(d)(1)(A) & (C).  The Administrative Code prohibits filing documents that violate 730 ILCS 5/3-6-3(d).

Carter received a written notice of his disciplinary charge on September 2, 2005.  The following day, September 3, 2005, Carter asked the Adjustment Committee, which would be hearing his disciplinary report, to interview Patricia Leurs, a paralegal in the law library.  Carter believes she would be able to testify about the limited access inmates like Carter had to the law library which Carter believes caused him to misapprehend the law and to file his meritless lawsuit.  On September 7, 2005, IDOC's Adjustment Committee held a disciplinary hearing, found Carter guilty based on the reporting officer's account of the findings in the Northern District Court's order and recommended revoking three months of good-time credit.  The Adjustment Committee's written summary report indicated that no witnesses were requested.

Carter filed a grievance regarding the proceeding, arguing that he was not allowed to call Leurs as a witness as he had requested four days before the hearing and that the Adjustment Committee denied his request for a continuance without explanation.  He accused the Adjustment Committee of being partial because of the error in the summary report.  The grievance officer recommended that Carter's grievance be denied because there was sufficient evidence for the Adjustment Committee to find Carter had committed the violation and because Carter had not requested a witness be interviewed when he first received the disciplinary report on September 2, 2005.  The warden concurred with the grievance officer's recommendation, but the Administrative Review Board ("ARB") ordered the Adjustment Committee to rehear the

disciplinary report.

Without giving Carter 24-hour written notice, the Adjustment Committee reheard the matter on November 28, 2005. It found Carter guilty and recommended the same three-month good-time credit revocation for the same reasons. Again, the Adjustment Committee's written summary report indicated that no witnesses were requested. As he had with the prior recommendation, Carter grieved this Adjustment Committee finding. He argued he was not provided 24-hour written notice of the rehearing and was not allowed to call witnesses at the proceeding. He stated that Leurs would have testified that Carter had a right to amend or replead his legal filings and that he was denied adequate access to the prison law library, which caused his filing in the Northern District of Illinois to be insufficient. It appears the ARB again remanded the matter for a new decision after receiving additional information.

On January 9, 2006, the Adjustment Committee held a third hearing on Carter's disciplinary report, still without hearing from Leurs and without giving Carter 24-hour written notice of the hearing, and came to the same conclusions for the same reasons. Again, the Adjustment Committee's written summary report indicated that no witnesses were requested. Carter grieved this decision as well, arguing he did not have 24-hour written notice, he was not called to the hearing and was not allowed to call witnesses. The grievance officer recommended that Carter's grievance be denied because there was sufficient evidence for the Adjustment Committee to find Carter had committed the violation, and the warden concurred.

Carter filed a petition for a writ of mandamus in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois. The Circuit Court was the only court to rule on Carter's claim, and it dismissed them for failure to state a cause of action and for lack of jurisdiction, without any further explanation.

Carter filed this § 2254 petition in August 2007 claiming his Fourteenth Amendment due process rights were violated when the Adjustment Committee (1) failed to interview Leurs, (2) improperly excluded her testimony without any explanation and (3) did not give him 24-hour written notice of the November 2005 and January 2006 rehearings so he could present new evidence not considered at the prior hearing(s).

### III.   Analysis

A federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only where a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  With respect to the petitioner's claims that have been adjudicated on the merits in state court before they reach federal court, the federal court can grant a writ of *habeas corpus* only if the state court proceeding

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Where a state court did not render a decision on the merits, this Court must "use . . . the general standard set forth in 28 U.S.C. § 2243, which requires [the Court] to 'dispose of the matter as law and justice require.'"  *Cheeks v. Gaetz*, 571 F.3d 680, 684-85 (7th Cir. 2009) (quoting 28 U.S.C. § 2243).  In that situation, the Court asks only whether the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Where an inmate's institutional disciplinary proceeding does not provide due process and good-time credit is revoked, he may be entitled to habeas relief.

Where an inmate loses good-time credit as a result of an institutional disciplinary

proceeding, that hearing must comply with Fourteenth Amendment procedural due process guarantees.[1]  *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 453-54 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).  Certain minimal procedures are required in connection with a hearing where good-time credit is in the balance: "advance written notice of the charges . . . , an opportunity to present testimony and documentary evidence to an impartial decision-maker . . . , and a written explanation for the discipline . . . that is supported by 'some evidence' in the record . . . ."  *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (citing *Wolff* , 418 U.S. at 564, 566, 570-71; *Hill*, 472 U.S. at 454-55).  The right to present testimony and documentary evidence is limited, however, to instances where doing so would not "be unduly hazardous to institutional safety or correctional goals," *Wolff*, 418 U.S. at 566, and to evidence that is not irrelevant, repetitive or unnecessary, *Piggie*, 344 F.3d at 677;  *accord Scruggs v. Jordan*, 485 F.3d 934, 939-40 (7th Cir. 2007).  In addition, harmless error will not justify habeas relief.  *See Piggie*, 344 F.3d at 678 (citing *Powell v. Coughlin,* 953 F.2d 744, 750 (2d Cir. 1991)).

Because it is unclear whether the highest state court to consider Carter's case rendered a ruling on the merits, the Court assumes it did not and will proceed directly to the question of whether Carter is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

    A.    <u>Interviewing/Calling Witness</u>

Carter is not entitled to habeas relief on the grounds that the Adjustment Committee did not interview Leurs or allow her to testify at Carter's disciplinary hearing.  Clearly due process

---

[1]No party contests that Illinois' system for awarding good-time credit creates a liberty interest in that credit.

required that Carter be given an opportunity to call relevant witnesses at his hearing if calling them is not "unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "there is no right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (citing *Forbes v. Trigg,* 976 F.2d 308, 317-18 (7th Cir. 1992)); *see also Scruggs v. Jordan*, 485 F.3d 934, 939-40 (7th Cir. 2007) ("[P]rison disciplinary officials need not permit the presentation of irrelevant or repetitive evidence in order to afford prisoners due process in disciplinary proceedings.").

  Leurs' testimony was irrelevant and unnecessary. Putting aside the lack of an affidavit from Leurs setting forth the testimony she would have offered, even if she testified as Carter says she would, her testimony would not be a defense to the charge against Carter. He was charged with filing a frivolous lawsuit. He admits he filed the lawsuit and does not contest that it was frivolous. Leurs' testimony, Carter states, would have explained that library access was too limited to allow him to research and prepare his lawsuit adequately and that he got bad advice from the library staff. In essence, it would have provided some kind of excuse for his frivolous filing. However, such an excuse was not a defense to the charge. The charge against Carter was proved by uncontroverted documentary evidence, as explained by the Adjustment Committee's January 2006 report, and Leurs' testimony would not have negated or diminished the power of that evidence. Furthermore, Leurs' testimony would have been cumulative of testimony Carter could have offered himself. Thus, the exclusion of her testimony could not have had any impact on the Adjustment Committee's decision and was harmless. Thus, Carter's due process rights were not violated, and he is not entitled to habeas relief on this basis.

  To the extent Carter complains of some other evidence he was not allowed to present, he

has not specified what that evidence was or explained how the absence of such evidence hurt his case. The Court will not award him habeas relief on such sketchy allegations. *See Piggie*, 344 F.3d at 678.

      B.      <u>24-Hour Written Notice</u>

Carter is not entitled to habeas relief on the grounds that the Adjustment Committee did not give him 24-hour written notice of the third and final hearing on his disciplinary report. Notice serves the two fundamental purposes of clarifying what the charges against the inmate are and allowing him a chance to gather evidence to defend himself. *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). In *Wolff*, the Supreme Court determined that 24-hour written notice suffices for those purposes. *Id.* The notice should inform the inmate of the rule alleged to have been violated and summarize the facts underlying the charge so that he knows how to prepare to defend himself against the charge. *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003).

Here, IDOC gave Carter adequate written notice of the charge against him on September 2, 2005, five days before his first hearing on September 7, 2005, and that charge did not change throughout the disciplinary process. Thus, Carter received notice sufficient to clarify the charge against him, and his due process rights were not violated by the failure to give repeated notice of the same charge.

Similarly, in light of the five-day notice of his first hearing, Carter had an opportunity to gather evidence in his defense and, indeed, he tried to do so by requesting that the Adjustment Committee interview Leurs. The Court has already discussed why that evidence would not have had any impact on the Adjustment Committee's decision, and Carter has not specified what other relevant evidence he was unable to gather for the third hearing because of lack of notice. Furthermore, in light of the particular facts of this case – a charge that was sustained based

solely on uncontroverted documentary evidence – Carter has not shown that the failure to give him 24 hours to gather additional evidence before his third hearing violated his constitutional rights. He is not entitled to habeas relief on this basis.

### IV. Conclusion

The Court is certainly dismayed that the Adjustment Committee was unable to afford Carter the basic procedures of interviewing the witness he requested, explaining to him why it would not consider her testimony and giving him timely written notice of his rehearing dates. The Court expects more professional practices from IDOC, and is sympathetic with inmates who feel the same way. However, the bottom line is that these failures did not amount to harmful constitutional error. For this reason, the Court finds that Carter is not "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, it

- **REJECTS** the Report (Doc. 56);
- **DENIES** Carter's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1);
- **DENIES** Carter's motion for an order to show cause (Doc. 63); and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: September 24, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
