UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVEN LEE CARTER,

    Petitioner,

v.      Case No. 07-cv-550-JPG

DAVE REDNOUR,

    Respondent.

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Keven Lee Carter's motions for a free copy of his docket sheet (Doc. 67), to vacate the judgment (Doc. 68) and for a certificate of appealability (Doc. 69). On September 24, 2010, The Court entered judgment (Doc. 65) denying Carter's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

As a preliminary matter, the Court notes that Carter has not filed a document captioned as a notice of appeal. However, his motion for a certificate of appealability (Doc. 69) indicates an intent to appeal judgment in this case and contains all the required contents of a notice of appeal as described in Federal Rule of Appellate Procedure 3(c)(1). The Court therefore **CONSTRUES** Carter's motion for a certificate of appealability (Doc. 69) to contain a notice of appeal of the judgment in this case (Doc. 65) and **DIRECTS** the Clerk of Court to docket it accordingly as of its filing date. The Court now addresses each of Carter's motions in turn.

**I.**      **Motion for free copy of docket sheet**

Carter asks the Court to provide him a free copy of the docket sheet so he may pursue his appeal (Doc. 67). *See* Seventh Circuit Rule 3(c)(1) & 28(a). Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files, (2) that

he is financially unable to secure access to his court files, and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

Carter had no counsel in this case and the Court is the only means of access Carter has to obtain a copy of his docket sheet, so he has satisfied the first criterion. The Court granted Carter leave to proceed *in forma pauperis* earlier in this case (Doc. 4), so he has already established that he is indigent and satisfies the second criterion. While the Court is not convinced Carter absolutely needs a copy of his docket sheet to prosecute his appeal, it would be helpful to him. For these reasons, the Court exercises its discretion to **GRANT** Carter's motion (Doc. 67) and **DIRECTS** the Clerk of Court to send Carter a copy of his docket sheet along with a copy of this order.

## II.     Certificate of appealability

Carter asks the Court for a certificate of appealability (Doc. 69). A § 2254 petitioner may not proceed on appeal without a certificate of appealability. 28 U.S.C. § 2253(c)(1); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045. To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong.").

The Court finds that Carter has made such a showing with respect to the following argument:

> that he was deprived of procedural due process to his prejudice in connection with the January 2006 revocation of three months of good time credit in that the Adjustment Committee of the Illinois Department of Corrections (1) failed to interview a witness identified by Carter, (2) excluded the witness's testimony without any explanation and (3) did not give Carter 24-hour written notice of the November 2005 and January 2006 rehearings so he could present new evidence not considered at the prior hearing(s), all in violation of the Fourteenth Amendment.

Accordingly, the Court hereby **GRANTS** Carter's motion for a certificate of appealability (Doc. 69) on this issue and **CERTIFIES** the issue as **APPEALABLE**.

### III.     Motion to vacate judgment

Carter asks the Court to vacate its judgment denying him relief under 28 U.S.C. § 2254 (Doc. 68).  The Court considers the motion under Federal Rule of Civil Procedure 60(b) because it was filed more than 28 days after entry of judgment.  Where a substantive motion for reconsideration is filed within 28 days of entry of judgment and asserts a ground for relief under Rule 59(e), the Court will construe it as a motion pursuant to Rule 59(e);  motions asserting grounds for relief under Rule 60(b) or later motions will be construed as pursuant to Rule 60(b).  *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir.) (motions filed within Rule 59(e) period construed based on their substance, not their timing or label), *cert. denied,* 129 S. Ct. 417 (2008);  *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (considering prior version of Fed. R. Civ. P. 59(e) providing ten-day deadline for motion to alter or amend judgment);  *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) (same).

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.  *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).  Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of

law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).  The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief.  *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995).  It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision.  *Russell*, 51 F.3d at 749;  *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62;  *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).  Furthermore, ignorance of a litigant or attorney is not appropriate grounds for relief under Rule 60(b).  *McCormick*, 230 F.3d at 327.

Carter clearly takes issue with the Court's denial of his habeas petition.  However, his motion to vacate does not provide any compelling reason to vacate the Court's judgment.  Instead, Carter rehashes his old arguments and presents new arguments he should have raised before the Court's decision.  For this reason, the Court **DENIES** Carter's motion to vacate the judgment (Doc. 68).

**IT IS SO ORDERED.**
**DATED: November 16, 2010**

            s/ J. Phil Gilbert
            **J. PHIL GILBERT**
            **DISTRICT JUDGE**